# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

PAUL M. LEVERT, AUGUST J.
LEVERT, JR., FAMILY, L.L.C.,
RONALD R. LEVERT, MARK W.
LEVERT, JR., JOHN E.
SANFORD, JAMES L. SANFORD,
AND CAMPO E. MATENS

VERSUS

UNION TEXAS INTERNATIONAL
CORPORATION, CHEVRON U.S.A.
INC., KEY PRODUCTION
COMPANY, INC., ATLANTIC
RICHFIELD COMPANY, AND NOVA
CHEMICALS OLEFINS LLC

NO.   2022 CW 0705

**SEPTEMBER 12, 2022**

---

In Re:    Paul M. Levert, August J. Levert, Jr., Family, L.L.C.,
          Ronald R. Levert, Mark W. Levert, Jr., John E.
          Sanford, James L. Sanford, and Campo E. Matens,
          applying for supervisory writs, 18th Judicial District
          Court, Parish of West Baton Rouge, No. 45335.

---

BEFORE:    **WELCH, PENZATO, AND LANIER, JJ.**

    **WRIT DENIED.**

                    **AHP**
                    **WIL**

    **Welch, J.,** dissents and would reverse the trial court's May 25, 2022 judgment sustaining defendants' dilatory exceptions of improper cumulation of actions and severing for the purposes of trial plaintiffs' claims against Chevron U.S.A., Inc. and Key Production Company, Inc. from plaintiffs' claims against Union Texas International Corporation, Atlantic Richfield Company, and Nova Chemicals Olefin LLC.  I find cumulation against these defendants is proper as there is a community of interest between them.  See La. Code Civ. P. art. 463(1).  Here, plaintiffs alleged the collective action of several defendants damaged their property.  Because there is an overall injury for which each defendant may have some degree of liability, it is commonsensical to proceed in a single lawsuit in a single forum. To proceed otherwise may result in piecemeal litigation of overlapping factual and legal issues and inconsistent judgments. See **Parish v. BEPCO, L.P.,** No. 2013-6704, 2015 WL 4097062 (E.D. La. 7/7/15).

COURT OF APPEAL, FIRST CIRCUIT

*a.Sn*

---
DEPUTY CLERK OF COURT
FOR THE COURT